UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


NATÉ WALKER (#433462)

VERSUS                                          CIVIL ACTION

N. BURL CAIN, ET AL                             NUMBER 13-247-JJB-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 10, 2014.

                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

NATÉ WALKER (#433462)

VERSUS                                              CIVIL ACTION

N. BURL CAIN, ET AL                                 NUMBER 13-247-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Naté Walker.[1]

For the reasons which follow, the petition should be denied.

### I. State Court Procedural History

**A. Trial Court**

Following a bench trial the petitioner was found guilty of one count armed robbery with a firearm in the Twenty-third Judicial District Court for the Parish of Ascension, Louisiana on June 16, 2009. Petitioner was adjudicated a third felony habitual offender and was sentenced to a 66 year term of imprisonment at hard labor without benefit of probation, parole or suspension of sentence.

---

[1] Throughout the state court record the petitioner's first name is identified as "Naté", "Nate'" or "Nate". There is no dispute that each version refers to the petitioner.

**B. Direct Appeal**

Petitioner appealed asserting a single ground for relief: the trial court erred in finding the defendant competent to stand trial.

The First Circuit Court of Appeal affirmed the petitioner's conviction, habitual offender adjudication, and sentence. *State of Louisiana v. Nate Walker*, 2009-1741 (La. App. 1st Cir. 2/17/10), 30 So.3d 286 (Table).

Petitioner sought supervisory review in the Louisiana Supreme Court, which denied review on October 15, 2010. *State of Louisiana v. Nate Walker*, 2010-0523 (La. 10/15/10).

**C. Post-Conviction Relief**

Petitioner signed an application for post-conviction relief ("PCRA") on October 18, 2011 and it was filed on October 24, 2011. Petitioner asserted the following grounds for relief:

1. The trial court erred when it failed to determine whether the petitioner knowingly and intelligently understood he was waiving his right to trial by jury.

2. He was denied effective assistance of counsel when trial counsel failed to present the defense promised in his opening statement.

3. He was denied effective assistance of counsel when trial counsel failed to present the defense regarding a promise he made to the jury during opening statement and when he failed to object to an improper waiver of the petitioner's right to a trial by jury.

On January 25, 2012, the petitioner was granted leave of court

to supplement his PCRA. On March 2, 2012, the petitioner filed a Supplemental Claim for Post Conviction Relief arguing that the Bill of Information was defective. On April 24, 2012, the petitioner's supplemental PCRA was dismissed because any claim regarding a defective Bill of Information was waived.

The trial court denied the PCRA on June 14, 2012, specifically relying on La.C.Cr.P. art. 930.4.[2] Petitioner sought review in the Louisiana First Circuit Court of Appeal, which denied review on the showing made. *State of Louisiana v. Naté Walker*, 2012-1343 (La. App. 1st Cir. 9/12/12).

Petitioner sought review by the Louisiana Supreme Court, which also denied review. *State ex rel. Naté Walker v. State of Louisiana,* 2012-2311 (La. 3/8/13), 992 So.2d 1003.

### D. Federal Habeas Corpus Application

Petitioner signed his federal habeas corpus application on March 23, 2013, and it was filed on April 18, 2013.[3]

---

[2] Reasons for Judgment, June 14, 2014, pp. 2-3:
Each of the defendant's claims concerns his lack of mental ability. In affirming his conviction, the First Circuit discussed in great detail the defendant's mental state and education, ultimately upholding the trial court's finding that the defendant had the mental competency to proceed. Since the issue of the defendant's mental ability has been litigated, the claims are barred under La.C.Cr.P. Art. 930.4.

[3] Although the petitioner signed various portions of his federal habeas corpus application on different dates, the certificate of service indicates that the pleading was mailed on
(continued...)

3

Petitioner asserted the following grounds for relief:

Ground One: The trial court failed to determine whether the petitioner knowingly and intelligently waived his right to trial by jury.

Ground Two: He was denied effective assistance of counsel when trial counsel failed to present the defense promised during his opening statement.

Ground Three: He was denied effective assistance of counsel when trial counsel failed to object to an improper waiver of the petitioner's right to a trial by jury.

Ground Four: The trial court erred in finding the petitioner competent to stand trial.

## II. Applicable Law and Analysis

**A. Standard of Review**

Section 2254(d) provides as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of

---

[3](...continued)
March 23, 2013. Record document number 1-1, p. 13. However, it appears that the petitioner originally mailed the petition to the United States Court of Appeals for the Fifth Circuit which stamped the application as having been received on March 29, 2013. Record document number 1, p. 1. The federal habeas corpus application was not scanned in accordance with this court's General Order 2012-01 until April 18, 2013. The actual date of filing is not material since the respondent did not argue that the petition is untimely.

the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it

5

determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id.*

Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S.Ct. 1388, 1399, 179 L.Ed.2d 557 (2011); *McCamey v. Epps*, 658 F.3d 491, 497 (5th Cir. 2011). Review under § 2254(d)(1) focuses on what a state court knew and did. *Cullen v. Pinholster*, 131 S.Ct. at 1399. "[E]vidence introduced in federal court has no bearing on § 2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas corpus petitioner must overcome the limitation of § 2254(d)(1) based on the record that was before that state court." *Id.*, at 1400. State court decisions are measured against the Supreme Court's precedents as of "the time the state court renders its decisions." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S.Ct. 1166 (2003). *Pinholster* prohibits a federal court from using evidence that is introduced for the first time at a federal court evidentiary hearing as the basis for concluding that a state court's adjudication is not entitled to deference under § 2254(d). *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011).[4]

---

[4] The Fifth Circuit Court of Appeals has held that a federal court may properly hold an evidentiary hearing when it determines,
(continued...)

6

To determine whether a particular decision is "contrary to" then-established law, a federal court must consider whether the decision "applies a rule that contradicts [such] law" and how the decision "confronts [the] set of facts" that were before the state court. *Williams v. Taylor*, 529 U.S. 362, 405, 406, 120 S.Ct. 1495, 1519 (2000). If the state court decision "identifies the correct governing legal principle" in existence at the time, a federal court must assess whether the decision "unreasonably applies that principle to the facts of the prisoner's case." *Id.*, at 413, 120 S.Ct. at 1523.

**B. Procedural Default**

The State argued that the petitioner's claims are barred by an independent and adequate state law bar. Specifically, the State argued that the claims raised in the petitioner's PCRA, i.e., Ground One, Ground Two and Ground Three in the petitioner's federal habeas corpus petition, were held to be barred pursuant to La.C.Cr.P. art. 930.4.

When a state court decision to deny relief rests on a state law ground that is independent of the federal questions raised by the petitioner and is adequate to support the judgment, the federal

---

[4](...continued)
based solely on the state court record, that the state court's determination was contrary to or involved an unreasonable application of clearly established federal law. *Bobby Smith v. Burl Cain*, 708 F.3d 628, 634 (5th Cir. 2013).

7

courts lack jurisdiction to review the merits of the petitioner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553 (1991); *Moore v. Roberts*, 83 F.3d 699, *reh. denied*, 95 F.3d 56 (5th Cir. 1996). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman*, at 729-730, 111 S.Ct. at 2554.

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id.*, at 731-32, 111 S.Ct. at 2554-55 (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982)); *Moore*, at 703.

For the independent and adequate state ground doctrine to apply, the state courts adjudicating a habeas petitioner's claim must explicitly rely on a state procedural rule to dismiss the petitioner's claims. *Moore*, at 702; *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." *Id*. Petitioner can rebut this presumption by establishing that the procedural rule is not "strictly or regularly followed." *Id*. Even if the state procedural rule is strictly and regularly followed,

8

the petitioner can still prevail by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565; *Moore*, at 702.

Petitioner did not even attempt to establish that the procedural rule of Article 930.4 has not been "strictly or regularly followed," *Sones*, at 416, by the Louisiana state courts. Nor did the petitioner present any argument that he has overcome the procedural bar by demonstrating the necessary cause and prejudice[5] or a fundamental miscarriage of justice.[6]

It is clear that the petitioner's PCRA claims regarding his knowing and intelligent waiver of the right to a trial by jury and the denial of effective assistance of trial counsel were denied based upon an independent and adequate procedural bar. This court

---

[5] The "cause" standard requires the petitioner to show that "some objective factor external to the defense" prevented him from timely raising the claims he now advances. *Murray v. Carriere*, 447 U.S. 478, 488, 106 S.Ct. 2639, 2645 (1986). Objective factors that constitute cause include interference by officials that make compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective assistance of counsel in the constitutional sense. *Id*.

In addition to establishing cause for his procedural default, the petitioner must also show actual prejudice to overcome it.

[6] In order to prove a fundamental miscarriage of justice, the petitioner must assert his actual innocence. *Glover v. Hargett*, 56 F.3d 682, 684 (5th Cir. 1995). Petitioner has not asserted that he is actually innocent of the armed robbery charge.

9

is prohibited from reaching the merits of the petitioner's claims asserted in Ground One, Ground Two and Ground Three because they are procedurally defaulted. *Stirgus v. Prince*, 471 Fed.Appx. 296 (5th Cir. 2012).

**C. Competency**

In Ground Four, the petitioner argued that the trial court erred in finding him competent to stand trial.

Due process prohibits the prosecution of a defendant who is not competent to stand trial. *Dunn v. Johnson*, 162 F.3d 302, 205 (5th Cir. 1998). A defendant is deemed mentally competent when he has the "present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceeding[] against him." *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 789 (1960).

Under Louisiana law, mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense. La.C.Cr.P. art. 641. The defendant's mental incapacity to proceed may be raised at any time by the defense, the district attorney, or the court. La.C.Cr.P. art. 642. If the court has reasonable ground to doubt the defendant's mental capacity to proceed, it shall order a mental examination and appoint a sanity commission to make the examination. La.C.Cr.P. arts. 643, 644. Ordering a mental examination lies within the

sound discretion of the court. It is not enough that the defense files a motion urging the defense, but there must be sufficient evidence to raise a reasonable doubt as to such capacity. La.C.Cr.P. art. 643, Official Revision Comment (a).

Before the federal district court has a duty to investigate a habeas petitioner's claim of incompetency, the petitioner must show that there are sufficient facts to positively, unequivocally and clearly generate a real, substantial and legitimate doubt as to the petitioner's mental capacity to meaningfully participate and cooperate with counsel during a criminal trial. *Wilkins v. Stephens*, 560 Fed.Appx. 299 (5th Cir. 2014). The presence of a mental defect alone does not demonstrate mental incompetence. *Bruce v. Estelle*, 536 F.2d 1051, 1059 (5th Cir. 1976), *cert. denied*, 429 U.S. 1053, 97 S.Ct. 767 (1977).

Once the petitioner has "presented enough probative evidence to raise a substantial doubt as to his competency at the time of trial, he must then prove that incompetency by a preponderance of the evidence." *Moody v. Johnson*, 139 F.3d 477, 481 (5th Cir. 1998)(citations omitted).

In its opinion the Louisiana First Circuit Court of Appeal quoted the trial court's findings regarding the petitioner's mental competency:

> This is a troubling case because I do believe that the defendant has been malingering. I have reviewed the testimony of the three evaluators. Dr. [Harminder] Mallik found that the defendant was depressed and wanted

11

an evaluation for suicidal ideation; and then I hear the
testimony of Dr. [Charles] Vosburg [Ph.D.], who indicates
that he doesn't think he's an emergency admit and did not
believe that he was psychotic or depressed; and then I
hear the testimony of Dr. [Thomas] Fain [Ph.D.], who
believes that he is malingering.  It is the Court's
opinion that Mr. Walker does have the mental capacity to
proceed by clear and convincing evidence and can assist
his counsel in the defense of his case if he chooses to
do so.

*State of Louisiana v. Nate Walker*, 2009-1741, pp. 7-8 (emphasis in original).

The appellate court then stated, "We agree with the trial court," and made these additional factual findings:

> Dr. Fain's testimony clearly indicated the defendant
> was pretending ignorance and pathology.  While Dr. Mallik
> was concerned about the defendant's alleged suicide
> attempts, Dr. Vosburg's testimony made it clear that the
> defendant was lying about such attempts.  Despite his
> "low average" intelligence, the defendant completed high
> school.  None of the doctors found the defendant to be
> psychotic.  Instead, the record plainly established the
> defendant had emotional and behavioral problems.  During
> testing with the doctors, the defendant gave vague
> answers and purposefully avoided finishing the tests or
> answering further questions.  In this vein of avoidance,
> therefore, it is not surprising that Dr. Mallik found the
> defendant did not meet the [State v.] **Bennett** [345 so.2d
> 1129 (La. 1977)] criteria, only because he did not
> discuss the **Bennett** criteria with the defendant due to
> the defendant's uncooperativeness.
>    The defendant argues in his brief that the trial
> court erred in giving more weight to Dr. Fain's report
> than the reports of the other testifying doctors.
> However, under our jurisprudence, the trial court's
> determination of mental capacity to assist at trial is
> entitled to great weight, especially where the evaluation
> of credibility or the resolution of conflicting well-
> founded medical testimony is concerned.  Here the trial
> court evaluated the conflicting evidence and determined
> the defendant was competent to proceed.  We conclude this
> determination was supported by sufficient evidence and,
> accordingly, the trial court's ruling will not be

disturbed.

*Id.* at 8 (emphasis in original).

Petitioner has not carried his burden to rebut the presumption of the correctness of the state court's factual findings by clear and convincing evidence, as he is required to do by section 2254(e)(1).

Furthermore, given the deferential AEDPA standard of review afforded the state court's determination of the petitioner's competency claim and the "extremely heavy" burden of proof necessary to justify federal habeas corpus relief on the ground of mental incompetency, to the extent the petitioner claims to have been incompetent at his 2009 trial, the claim is without merit. Petitioner has not shown that at the time of his 2009 trial there was any doubt about his competency to stand trial. Given that the substantial weight of the medical evidence at the time of the petitioner's trial established that he was competent and merely feigning mental illness or malingering, and the fact that the trial judge's first-hand observation of the petitioner's behavior in the courtroom led the court to the same conclusion, the petitioner has failed to present facts sufficient to "positively, unequivocally and clearly generate a real, substantial and legitimate doubt" concerning his mental capacity. In the absence of this threshold showing, this court has no duty to investigate this constitutional challenge any further.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Naté Walker be denied.

It is further recommended that a certificate of appealability be denied for the reasons set forth herein.

Baton Rouge, Louisiana, November 10, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE